The Honorable Dan Greenberg State Representative 55 Fontenay Circle Little Rock, Arkansas 72223-9569
Dear Representative Greenberg:
I am writing in response to your request for an opinion regarding the application of A.C.A. § 6-13-631 to the Little Rock School District. You state the following facts and pose the following questions:
I am writing to request your opinion regarding the application of Ark. Code Ann. § 6-13-631 to the Little Rock School District. After decades of operating under federal court orders, the Little Rock School District was declared unitary and released from federal court supervision on February 23, 2007. The order releasing LRSD from federal court supervision has been appealed but it has not been stayed.
LRSD has a minority student population exceeding ten percent of its total student population. Since 1986, LRSD has elected its Board from seven single-member zones. The Board members serve three-year terms. The original zones were redrawn in response to the 1990 census and again in response to the 2000 census. LRSD successfully defended a voting rights challenge to the election zones as redrawn following the 1990 census. See, LRSD v. PCSSD, 831 F. Supp. 1453 (E.D. Ark. 1993), aff'd56 F.3d 904 (8th Cir. 1995).
In addition to my request for your opinion on the general application of Ark. Code Ann. § 6-13-631 to the Little Rock School District, I request your opinion with respect to the following specific questions:
Is LRSD required to adopt a resolution, at least ninety (90) days before the next school board election, choosing to elect board members form either five or seven single-member zones or five single-member zones with two at large members, pursuant to Ark. Code Ann. § 6-13-631?
If LRSD is required to adopt such a resolution, would it have the option of electing nine members in accordance with Ark. Code Ann. §6-13-604?
Would all LRSD Board positions be up for election in September, 2007 and, if so, would the Board members be required to establish initial terms by lot?
Are LRSD Board members required to serve five year terms, and, if so, what process should be followed to transition from the current three year terms to the required five year terms?
Is LRSD exempt from the application of Ark. Code Ann. 6-13-631
pursuant to § (g)(1)(C) or (D) of that statute?
Is Ark. Code Ann. § 6-13-631 constitutional?
Finally, you note that A.C.A. § 6-13-631(h)(2) requires the Arkansas Department of Education to withhold twenty percent of the annual state funds allocated to a district which is not in compliance with this law. You state that it is therefore "critically important to LRSD to receive guidance from the Attorney General in determining how best to comply with this statute."
RESPONSE
I must decline to answer these questions for at least two reasons.
First, this office has a long-standing policy against opining on matters that are the subject of pending litigation. See, e.g., Op. Att'y Gen. Nos. 2007-039; 2006-204; 2006-198; 2006-170; 2006-134; 2006-128; 2006-047; 2006-019; 2006-013; 2003-182; 2003-032; 2002-302; 99-389; 97-329; 97-105. Although I have a statutory duty to render my opinion to members of the legislature and various state officials regarding various matters of state law (see A.C.A. § 25-16-706 (Repl. 2002)), my office adheres to the long-standing policy against issuing opinions on matters that are the subject of pending or impending litigation. See, e.g., Op. Att'y Gen. 2007-039.
As you note, there is an appeal pending in the Little Rock School desegregation case, Little Rock School District, et al v. Pulaski County Special School District, et al, Case No. 4: 82CV0866WRW (E.D. Ark.). At this time, that appeal has not been resolved. Over the long course of the desegregation litigation, issues involving the electoral zones of the District have been within its ambit. As a consequence, I may not issue an opinion consistent with the long-standing policy of this office. See, e.g., Op. Att'y Gen. 2005-184 (declining to opine on the applicability of certain aspects of the Omnibus Quality Education Act of 2003 to the three school districts in Pulaski County on the basis of the pending desegregation litigation); Op. Att'y Gen. 2004-120 (declining to opine on the State of Arkansas's authority over consolidation of school districts under federal court supervision on the basis of the pending desegregation litigation); Op. Att'y Gen. 2003-269 (declining to opine on the applicability of the "Public School Choice Act" to school districts subjected to federal court supervision); and Op. Att'y Gen.97-375 (declining to address certain questions concerning teacher retirement contributions based in part on the pending desegregation litigation).
Second, your overarching question concerning the applicability of A.C.A. § 6-13-631 to the Little Rock School District, and your more particular questions regarding that statute's application to the District, may involve determinations of fact and/or review of prior court orders or settlement agreements that can only be properly undertaken by the District with the aid of its counsel, or resolved in an adversary proceeding before the judicial branch. See, e.g., Op. Att'y Gen. 2003-269 (stating that "[t]he construction of such [federal court] orders and agreements is best left to the parties themselves, or ultimately to the federal court" and that this office "cannot, in the context of an official opinion of the Attorney General . . . presume to dictate actions to be taken under the rubric of such documents"). Id. quoting Op. Att'y Gen. 95-066. I do not serve as legal counsel for the LRSD and am thus not the proper official to provide the requested "guidance" to the District on this issue.
As a consequence, any opinion issued from my office would constitute mere executive comment on matters that are properly resolved by the District or before a judicial body. Accordingly, I must respectfully decline to address your questions.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1